UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:12-cr-303 ERW (TCM) |
| | ) |
| DEREK DOHERTY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISCLOSE EXISTENCE OF SUBSTANTIAL PROMISES OF IMMUNITY, LENIENCY OR PREFERENTIAL TREATMENT AND COMBINED MEMORANDUM OF LAW**

COMES NOW, Defendant, Derek Doherty ("Defendant"), by and through counsel, and moves this Court for the entry of an Order requiring the Government to disclose to Defendant's attorney, the following:

1.  The existence and substance, and the manner of execution of fulfillment, or any promises, agreements, understandings, or arrangements either verbal or written between the Government and any prosecution witness or informant or cooperating Defendant or individual or his or her attorneys or representatives wherein the Government has agreed:

    (a)  Not to prosecute the witness for any crime or crimes;

    (b)  To provide a formal grant of statutory immunity or an informal grant of immunity in connection with any testimony given;

    (c)  To recommend leniency in sentencing for any crime or crimes for which he/she is convicted or charged;

    (d)  To recommend a particular sentence for any crime or crimes for which

1

he/she is convicted or charged;

(e) To dismiss any counts of an indictment pending against a Government witness or informant or any member of his family;

(f) To compromise or diminish or to recommend to compromise diminution of any federal, state or local taxes which he/she is claimed to owe; and

(g) To make any other recommendation of benefit or to give any other considerations to the informant or any member of his/her family, such as entry into the Federal Witness Protection Program or payments of monies for information.

## **MEMORANDUM OF LAW**

Courts have consistently held that in attempting to establish motives or biases of Government witnesses, a Defendant may elicit evidence showing that the Government has made explicit or implied promises of immunity from prosecution, leniency in sentencing, or other preferential treatment in return for the witnesses' or informant's cooperation and agreement to testify for the prosecution. *See United States v. Partin*, 493 F.2d 750, 759 (5th Cir. 1974); *United States v. Campbell*, 426 F.2d 547, 549 (2nd Cir. 1970); *Hughes v. United States*, 427 F.2d 66, 68 (9th Cir. 1970). The Supreme Court of the United States had adopted a position requiring expanded disclosure of promises of immunity, leniency and preferential treatment to Government witnesses and has imposed upon the Government the burden of insuring that the disclosure of such promises is made to a Defendant. *See Giglio v. United States*, 405 U.S. 150, 154 (1972). The Defendant submits that the holding in *Giglio* requires the type of disclosures that he now seeks. While it is true that *Giglio* does not appear to establish a particular time for disclosure of promises of immunity, leniency or preferential treatment or the implementation thereof, the

Defendant requests that such disclosures be made to him now.  This must be considered both reasonable and appropriate inasmuch as the manner of execution and fulfillment of the various commitments and promises made to these Government witnesses may have been communicated only to their attorneys or representatives.  If this is so, the Defendant will not be able to elicit the information during cross-examination of these individuals and they should therefore be given a reasonable opportunity prior to trial to locate and interview the persons who possess this information.  If the substance of such promises and agreements has not been accurately and fully communicated to the witness, cross-examination will not be an adequate device by which the Defendant can elicit information to which he is clearly entitled.  Again, Defendant is clearly entitled to such information.  Such information can only be obtained if the Defendant is given some factual basis on which to seek its procurement and a reasonable time prior to trial in which to do so.

WHEREFORE, Defendant moves that this Honorable Court grant this motion and order the Government to comply forthwith, and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC

By:  /s/ Adam D. Fein
Adam D. Fein, #52255 MO
120 S. Central Avenue, Suite 130
St. Louis, Missouri 63105
Telephone:  (314) 862-4332
Facsimile: (314) 862-8050

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 25, 2013, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Dianna Collins, Assistant United States Attorney.